**HARRY P. CROOKS, Plaintiff**

**v.**

**ETHEL M. CROOKS, Defendant**

Civil No. 74-702

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 13, 1976

HOFFMAN, *Judge*

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came on for a hearing on February 11, 1976. Plaintiff appeared in his own person and through his attorney, Edward Ocean, Esq. Defendant appeared in her own person and through her attorney, Grunert, Stout, Hymes and Mayer (James L. Hymes III, Esq. of counsel).

From the evidence adduced and introduced at the trial, and after careful perusal and deliberation thereon, the Court hereby makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

The Court hereby finds:

1) That the plaintiff is a resident and domiciliary of the Virgin Islands, having resided in this district for more than six weeks prior to the filing of this suit;

2) That the parties were married on March 9, 1973 in St. Thomas, Virgin Islands;

3) That there are no minor children of the marriage;

4) That, from all the evidence, there has been a breakdown of the marriage relationship to the extent that the legitimate objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can be preserved;

5) That plaintiff earns a net salary of $177.00 weekly as Assistant Manager of the Caribbean Harbor Club, St. Thomas and also receives free living accommodations at his place of employment;

6) That defendant presently earns a gross salary of $14,000 per annum as Supervising Nurse of the Pediatric Section of the Emergency Room at the Howard University Hospital, Washington, D.C.;

7) That defendant since 1968 with the exception of one year, when she worked part time and earned between $6,000.00 and $8,000.00, has earned approximately $14,000.00 per annum as a nurse;

8) That both plaintiff and defendant are capable of supporting each one's own needs.

### CONCLUSIONS OF LAW

The Court concludes as a matter of law:

1) That the Court has jurisdiction over these parties and over the subject matter of this action;

2) That the parties are equally entitled to a Decree dissolving the marriage entered into by the parties on March 9, 1973;

3) That the defendant is not entitled to alimony, having failed to show any present or future need. 16 V.I.C. § 109(3).

4) That the defendant is entitled to recover from the plaintiff the sum of $250.00 for attorney's fees and the sum of $300.00 for the costs of this action and travel and other expenses incurred by defendant in defending this action.

Let a Decree enter accordingly.

### DECREE

This matter came on for a hearing on February 11, 1976. The Court, having this day entered its Findings of

Fact and Conclusions of Law in this matter and being satisfied that the Court has jurisdiction over the parties and the subject matter of this action, hereby enters the following Decree:

ORDERED, ADJUDGED AND DECREED

1) That the marriage entered into by the parties on March 9, 1973 is hereby dissolved;

2) That the defendant is not entitled to an award of alimony;

3) That the plaintiff shall pay the sum of $250.00 toward defendant's attorney's fees, payable to the offices of Grunert, Stout, Hymes and Mayer at the rate of $50.00 per month commencing March 1, 1976;

4) That the defendant shall recover from the plaintiff the sum of $300.00 for costs and expenses, to be paid at the rate of $100.00 per month commencing March 1, 1976.

It is so decreed.